UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA STROUGO, | CASE NO. C24-0297-KKE |
| Plaintiff(s), | ORDER ON MISCELLANEOUS MOTIONS |
| v. | |
| REALNETWORKS INC., et al., | |
| Defendant(s). | |

Plaintiff Barbara Strougo filed this putative class action governed by the Private Securities Litigation Reform Act ("PSLRA"). Dkt. No. 1. Strougo requests that the Court appoint her lead plaintiff and her counsel as lead class counsel, while one of the other putative class members, Richard Brender, requests the same on behalf of himself and his counsel. After Strougo and Brender filed the motions to appoint, Defendants requested that the Court exercise its discretion under the PSLRA and the Securities Litigation Uniform Standards Act to stay discovery in Brender's parallel action pending in King County Superior Court.

For the reasons explained herein, Brender is the presumptive lead plaintiff and that presumption has not been rebutted. The Court will therefore appoint Brender and his counsel lead plaintiff and lead counsel, and will also stay discovery in the King County action until Defendants' forthcoming motion to dismiss this action is resolved.

ORDER ON MISCELLANEOUS MOTIONS - 1

## I. BACKGROUND

Strougo filed this action in March 2024, alleging claims on behalf of the former minority shareholders of Defendant RealNetworks Inc. against RealNetworks and the former members of its board of directors (including Robert Glaser, RealNetworks' founder, board chair, chief executive officer, and largest shareholder) for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934. Dkt. No. 4. "RealNetworks is a technology Company that was instrumental in creating the streaming media category in the mid-1990s" and more recently has "increasingly focused on developing artificial intelligence[]-based products and services[.]" *Id*. ¶ 4. Strougo's complaint alleges claims that arise from the acquisition of RealNetworks by Glaser and investment entities he owned via a 2022 merger agreement. *Id*. ¶ 1. According to the complaint, the merger agreement "was the culmination of a campaign by Glaser to drive down [RealNetworks'] stock price and internal forecasts, thereby allowing him to acquire the entire Company on the cheap." *Id*. ¶ 3. Strougo alleges that the closing of the transaction "was conditioned on approval by a shareholder vote, and defendants secured shareholder approval via a materially false and misleading proxy statement." *Id*. Strougo seeks "monetary damages on behalf of the unaffiliated stockholders who were cashed out of their RealNetworks shares as a result of the [merger or, in the alternative,] rescission of the [merger.]" *Id*. ¶ 18.

On May 3, 2024, Strougo filed a motion for appointment as lead plaintiff and her New York counsel, Pomerantz LLP, as class counsel. Dkt. No. 14. That same day, Brender filed a motion to appoint himself as lead plaintiff and two New York firms, Monteverde & Associates PC and Kahn, Swick, and Foti LLC, as co-lead class counsel. Dkt. No. 16.

Before the motions to appoint became ripe, Defendants filed a motion requesting that the Court stay discovery in a parallel putative class action Brender filed in King County Superior Court, alleging that Defendants breached fiduciary duties owed to a class of plaintiffs that is nearly

identical to the class defined in this action. Dkt. No. 27-1. According to Defendants, because this action and the King County action rely on the same underlying facts and allegations, the complaints list similar claims, and Brender is the named plaintiff in the King County action, there is a "near-complete" overlap between the two actions. *Id*. at 11. Discovery in this action is automatically stayed pending adjudication of Defendants' forthcoming motion to dismiss under the PSLRA, and Defendants contend that the state plaintiffs should not be permitted to circumvent this stay by obtaining discovery in an essentially identical action in state court. *Id*. at 5.

The motions for appointment of lead plaintiff/counsel and the motion to stay are ripe, and the Court heard the oral argument of counsel on September 9, 2024. Dkt. No. 45. The Court resolves the pending motions as follows.[1]

## II.   ANALYSIS

**A.   The Court Appoints Brender and his Counsel as Lead Plaintiff and Lead Counsel.**

*1.    PSLRA Legal Standards*

A plaintiff filing a class action under the Securities Exchange Act of 1934 is required to provide notice to the purported plaintiff class members within 20 days of filing a complaint. 15 U.S.C. § 78u–4(a)(3)(A). The notice must inform members of the purported class that they may move to be appointed lead plaintiff within 60 days of the notice. *Id*. It is the intent of the PSLRA that lead plaintiffs be appointed as soon as possible. *See In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999).

The court must appoint a lead plaintiff based on a consideration of three factors: (1) whether the movant filed the complaint or made a motion in response to the notice, (2) whether the movant has the largest financial interest in the suit, and (3) whether the movant can satisfy the

---

[1] This order refers to the parties' briefing using CM/ECF page numbers.

requirements of Federal Rule of Civil Procedure 23 for class representatives. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons that satisfies all three of those factors. *See* 15 U.S.C. §§ 78u–4(a)(3)(B)(i), (iii).

If the plaintiff with the largest financial interest cannot satisfy Rule 23's requirements, then the "court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As to the third factor, "[w]hile the PSLRA requires that the lead plaintiff satisfy all of Rule 23's requirements, the third and fourth requirements of Rule 23—typicality and adequacy—are the key factors for a court's lead plaintiff determination." *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).

The PSLRA instructs the lead plaintiff to "subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Calif.*, 586 F.3d 703, 712 (9th Cir. 2009). "In the event that the district court determines the lead plaintiff has not made a reasonable choice of counsel, the court should articulate its reasons for disapproving plaintiff's choice and provide an opportunity for lead plaintiff to select acceptable counsel." *Id*.

2. *Brender is the Presumptive Lead Plaintiff.*

Strougo and Brender both request appointment as lead plaintiff, and the Court will consider the relevant factors to determine which motion should be granted.

As to the first factor—whether the movant filed the complaint or made a motion in response to the notice—Strougo and Brender are equally satisfactory. They both filed timely motions, and

certified that they are willing to serve as lead plaintiff and to provide testimony as needed via deposition or trial. *See* Dkt. No. 17 at 9, Dkt. No. 31-1.

The second factor—which plaintiff has the largest financial interest in the suit—favors Brender. Brender owned 60,000 shares of RealNetworks as of the date of the subject merger, while Strougo held 10,000 shares. *See* Dkt. No. 17 at 10, Dkt. No. 31-1. Indeed, Strougo does not dispute that Brender has a larger financial interest in this suit than she does. *See* Dkt. No. 30 at 5.

In the third factor, the Court considers whether Brender (as the plaintiff with the largest financial interest) can satisfy the typicality and adequacy requirements of Rule 23. The adequacy inquiry "focuses around two questions: (1) do the interests of the class representative coincide with those of the class, and (2) does the representative have the ability to prosecute the action vigorously through the services of competent counsel." *Armour*, 171 F. Supp. 2d at 1052. Strougo contends that Brender is an atypical plaintiff because he has selected counsel that cannot adequately represent the class, based on the fact that Brender (as noted) is currently serving as lead plaintiff in a parallel state court action. Strougo posits that his and his counsel's involvement there would create a conflict of interest that would undermine their ability to vigorously prosecute this action if they were appointed to lead. *See* Dkt. No. 30 at 10–12.

Speculative or potential conflicts of interest do not undermine Brender's typicality or adequacy at this point in the litigation. Strougo has not identified a specific conflict of interest between the state court action and this one that would taint Brender's or his counsel's litigation strategy or ability to represent the class here. The King County action and this action do seek to recover from the same Defendants, but because they contemplate largely overlapping classes, there is no evidence that Defendants would not have the resources to satisfy judgments against them in

both actions.[2]  There is no suggestion here that the parallel classes would be competing for access to a limited fund, given that the classes are so similar.  *See, e.g.*, *Dietrich v. Bauer*, 192 F.R.D. 119, 126 (S.D.N.Y. 2000) (finding that plaintiff's "maintenance of parallel actions against different defendants does not pit one class against the other in terms of satisfying a potential judgment" and thus does not undermine plaintiff's ability to adequately represent the class).  Because any potential conflicts due to the existence of parallel litigation are speculative at this point in the litigation, they do not undermine Brender's adequacy under Rule 23.  *See, e.g.*, *Pampena v. Musk*, No. 22-cv-05937-CRB, 2023 WL 3082341, at *4 (N.D. Cal. Apr. 24, 2023) (citing *Bahamas Surgery Ctr., LLC v. Kimberly-Clark Corp.*, No. CV 14-8390-DMG (PLAx), 2019 WL 11693401, at *3 (C.D. Cal. May 23, 2019); *Makaeff v. Trump Univ., LLC*, 309 F.R.D. 631, 644 n.7 (S.D. Cal. 2015)).

The near-complete overlap between the classes in the parallel litigation, as well as the disclosure of counsel's intent to represent classes in both actions, distinguishes this case from *Krim v. pcOrder.com, Inc.*, upon which Strougo relies.  *See* 210 F.R.D. 581, 590 (W.D. Tex. 2002) ("With [counsel representing multiple groups of shareholders against the same defendant] in multiple lawsuits, more than a fair chance exists that the shareholders represented in the various suits may be different but overlapping groups of people, and their interests may not always coincide.").  Strougo also cites other cases finding a conflict of interest where two distinct classes of plaintiffs seek to recover from a limited fund, but again, this case involves nearly the same classes in the parallel actions.  *See, e.g.*, *Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992) (finding that plaintiffs do not satisfy Rule 23's adequacy requirement where their counsel was obligated "to zealously represent other class interests with a very real possibility of

---

[2] Strougo and Brender would be members of both classes, and at oral argument Brender described the two classes as nearly identical.  Brender also stated at oral argument that arrangements could be made to prevent class members' double recovery.

ORDER ON MISCELLANEOUS MOTIONS - 6

impairing this class'[s] ability to recover"). But here, the Court is not aware of a fundamental, concrete conflict of interest that undermines Brender's adequacy or typicality, and Brender therefore satisfies the third and final requirement for appointment as lead plaintiff.

Because Brender can satisfy all three of the requirements necessary to be appointed lead plaintiff, the Court will grant Brender's motion and deny Strougo's motion.

3.  *Brender's Counsel is Appointed Class Counsel.*

The Court is not aware of any basis to question Brender's counsel's ability to serve the needs of the class, beyond Strougo's concerns regarding the purported conflict of interest that the Court has rejected for reasons explained above. Thus, because it appears that Brender has acted reasonably in selecting counsel, the Court will defer to Brender's choice of counsel. *See Cohen*, 586 F.3d at 712.

**B.     The Court Stays Discovery in the Parallel State Court Action.**

In actions arising under the PSLRA, discovery is generally stayed while a motion to dismiss is pending. 15 U.S.C. § 78u–4(b)(3)(B). Federal courts presiding over PSLRA cases are also empowered to "stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or to effectuate its judgments, in an action subject to a stay of discovery[.]" 15 U.S.C. § 78u–4(b)(3)(D). The purpose of this provision is "to prevent plaintiffs from circumventing the stay of discovery under the [PSLRA] by using State court discovery, which may not be subject to those limitations, in an action filed in State court." H.R. Rep. No. 105–640, at 17–18 (1998) (explaining that the House committee intended courts to use the provision "liberally").

"In determining whether to stay state court discovery, relevant considerations include the risk of federal plaintiffs obtaining the state plaintiff's discovery, the extent of factual and legal

ORDER ON MISCELLANEOUS MOTIONS - 7

overlap between the state and federal actions, and the burden of state-court discovery on defendants." *In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1165 (S.D. Cal. 2008).

Here, all three of these considerations favor a stay. Although Brender suggests that a protective order and his counsel's adherence to ethical obligations would prevent any state discovery from being used in this action, these unenforceable promises seem to assume that the discovery would be *obtained*, even if not used. Dkt. No. 36 at 4–6. Thus, it appears to be essentially undisputed that because the putative state and federal classes significantly overlap, the risk of federal plaintiffs obtaining the state discovery is high. *See, e.g.*, *Moomjy v. HQ Sustainable Maritime Indus., Inc.*, No. C11-0726RSL, 2001 WL 4048792, at *2 (W.D. Wash. Sept. 12, 2011) (finding because the state court plaintiffs were putative members of the federal action (although represented by different counsel), the state court plaintiffs' receipt of discovery would violate the PSLRA). Thus, the first factor weighs in favor of a stay.

The second factor also weighs in favor of a stay, as the parties do not dispute that there is significant overlap between the factual and legal issues presented in the actions.

The third factor also weighs in favor of a stay. Although Brender suggests that it would be more efficient to allow paper discovery to go forward in state court, and then he would agree to coordinate the depositions to be taken for both actions at the same time (Dkt. No. 36 at 7), this argument persuades the Court that it would be burdensome for Defendants to allow discovery in the state court action to get too far ahead of the federal litigation. Staying discovery in the state action would ameliorate "the possibility of wasted judicial resources or inefficiency in litigating discovery disputes in both forums with different discovery rules." *Good v. De Lange*, No. 11cv2826 JAH (BGS), 2011 WL 6888649, at *4 (S.D. Cal. Dec. 29, 2011).

//

//

ORDER ON MISCELLANEOUS MOTIONS - 8

### III. CONCLUSION

For these reasons, the Court DENIES Strougo's motion to appoint (Dkt. No. 14), GRANTS Brender's motion to appoint (Dkt. No. 16), and GRANTS Defendants' motion to stay discovery (Dkt. No. 25). Brender is appointed lead plaintiff, and Brender's attorneys are appointed co-lead counsel.

An immediate stay of discovery is imposed in *Brender v. Glaser*, King County Superior Court Case No. 22-2-20433-8 SEA, until all motions to dismiss the complaint in this action are resolved.

Dated this 31st day of October, 2024.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge