HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA STROUGO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>REALNETWORKS, INC., ROBERT GLASER, BRUCE A. JAFFE, CHRIS JONES, DAWN G. LEPORE, ERIK PRUSCH, MICHAEL B. SLADE, and TIM WAN,<br><br>        Defendants. | NO. 2:24-cv-00297-KKE<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Lead Plaintiff Richard Brender ("Plaintiff") and Defendants RealNetworks, Inc., Robert Glaser, Bruce Jaffe, Chris Jones, Dawn Lepore, Erik Prusch, Michael Slade, and Tim Wah (collectively with Plaintiff, the "Parties"), by and through their respective counsel, jointly submit this Joint Status Report and Discovery Plan, pursuant to the Court's January 13, 2026 Order Regarding Initial Disclosures and Joint Status Report (Dkt. 80), Fed. R. Civ. P. 26(f), and Local Civil Rule 26(f).

**1. Statement of the Nature and Complexity of the Case**

**Plaintiff's Statement**: This is a stockholder class action brought by Plaintiff on behalf of himself and all other similarly situated former stockholders of RealNetworks against Real

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
(Case No. 2:24-cv-00297-KKE)

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

Networks and the former members of the RealNetworks Board of Directors (the "Board" or "Individual Defendants"), for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78n(a) and § 78t(a), in connection with their efforts to effectuate the sale of RealNetworks to Defendant Robert Glaser—the Company's Founder, former Chief Executive Officer and Chairman of the Board, and controlling (38.5%) shareholder—at the unfair price of $0.73 in cash for each share of RealNetworks common stock not already owned by Glaser (the "Buyout").

**Defendants' Statement**: This case arises from a go-private transaction involving RealNetworks, Inc.  Plaintiff filed this action against RealNetworks and its former Board of Directors, alleging that the proxy statement disseminated in connection with the transaction contained false and misleading statements in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934.  Defendants deny all of these claims.

**2. Deadline for Joinder of Additional Parties.**

The Parties agree that joinder of any additional parties must occur within 7 days of completion of factual discovery.

**3. Magistrate Judge.**

The Parties do not consent to assignment to a Magistrate Judge.

**4. Discovery Plan.**

    **a.    Initial Disclosures.**

The Parties exchanged initial disclosures on February 17, 2026, as required by the Court's January 13, 2026 Order Regarding Initial Disclosures and Joint Status Report.

    **b.    Subjects, Timing, and Potential Phasing of Discovery.**

The Parties have met and conferred and agreed to the discovery-related deadlines set forth in the proposed case schedule set forth in Paragraph 19, below.

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

**c.  Electronically Stored Information:**

In accordance with the Private Securities Litigation Reform Act of 1995, the Parties have undertaken to preserve all potentially relevant ESI.

The Parties have met and conferred in good faith to reach agreement on a stipulated protocol by which ESI will be collected, processed, and produced.  The Parties anticipate submitting an agreed-upon form of ESI protocol, which will be modeled on this Court's Model Protocol for Discovery of ESI, for the Court's approval and entry.

The Parties also have met and conferred regarding a parallel action currently pending in King County Superior Court, *Brender v. RealNetworks, Inc.*, Case No. 22-2-20433-8 SEA (King Cty.). Defendants may request that the *Brender* court stay that case while this case proceeds, and Plaintiff may oppose any requested stay and/or request that this Court exercise supplemental jurisdiction over his state claims.  But to the extent that both cases proceed in parallel, the Parties anticipate conferring to reach agreement on a coordination protocol that minimizes undue burden and avoids duplicative discovery, where possible.

**d.  Privilege Issues:**

The Parties currently do not anticipate any privilege issues presenting a barrier to discovery. The Parties have met and conferred regarding entry of a stipulated protective order governing the handling of confidential, proprietary, or private information that may be produced in this litigation.

**e.  Limitations on Discovery.**

The Parties do not propose any modifications of the discovery rules for this action at this time.

**f.  Need for Discovery Related Orders.**

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

The Parties do not anticipate a need for any discovery related orders other than the Court's entry of the Parties' anticipated stipulated protective order, ESI protocol, and potential discovery coordination protocol.

**5. Parties' Views on LCR 26(f)(1).**

        **a.     Prompt Case Resolution.**

The Parties do not believe prompt resolution of this matter is feasible.

        **b.     Alternative Dispute Resolution.**

If the Parties deem it useful to do so, they will engage in alternative dispute resolution.

        **c.     Related Cases.**

*Brender v. Real Networks, Inc.*, Case No. 22-2-20433-8 SEA, is a related case pending in King County Superior Court.

        **d.     Discovery Management.**

*See* paragraph 4, above. The Parties agree that discovery requests, responses, initial disclosures, deposition notices, and other case-related materials not filed with the Court can be served electronically, via email.

        **e.     Anticipated Discovery Sought.**

*See* Paragraph 4(b), above.

Plaintiff intends to seek discovery regarding, *inter alia*, (i) the performance of RealNetworks and the projections for RealNetworks, including but not limited to the January Baseline, May and Proxy Projections; (ii) Mr. Glasser's offers to buy RealNetworks; (iii) the Special Committee's evaluation of Mr. Glasser's offers to buy RealNetworks; (iv) the Buyout (v) the disclosure documents related to the Buyout and (vi) the shareholder and NOBO lists for RealNetworks in connection with the Buyout and Proxy.

Defendants intend to seek discovery regarding, among other things, (i) Plaintiff's investment in RealNetworks; (ii) Plaintiff's general investment practice, philosophy, and pattern; (iii) Plaintiff's

and other shareholders' vote in connection with the transaction; (iv) Plaintiff's allegations, including Plaintiff's purported damages and class allegations; and (v) Plaintiff's anticipated motion for class certification.

**f.      Phasing of Motions.**

Plaintiff anticipates filing a motion for class certification on the schedule set forth in Paragraph 19, below.

The Parties anticipate filing one or more motions for summary judgment on the schedule set forth in Paragraph 19, below.  Additionally, Plaintiff and/or Defendants may file one or more targeted summary judgment motions earlier in the case regarding discrete legal issues, which would be briefed on the regular briefing schedule under LCR 7(d)(4).

**g.      Preservation of Discoverable Information.**

*See* Paragraph 4(c), above.

**h.      Privilege Issues.**

*See* Paragraph 4(d), above.

**i.      Model Protocol for Discovery of ESI.**

*See* Paragraph 4(c), above.

**j.      Alternatives to Model Protocol.**

*See* Paragraph 4(c), above.

**6.      Date by Which Discovery Can be Completed.**

*See* Paragraph 19, below.

**7.      Bifurcation**

The Parties do not believe that the case should be bifurcated.

**8.      Pre-Trial Statements and Pre-Trial Order Requirement**

The Parties do not believe the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with.

**9. Suggestions for Shortening or Simplifying the Case.**

The Parties do not currently have any suggestions for shortening or simplifying the case.

**10. Trial Date.**

*See* Paragraph 19, below.

**11. Jury or Non-Jury Trial.**

One or more parties has demanded a jury.

**12. Number of Trial Days Required.**

The Parties anticipate that trial will last approximately 10 days.

**13. Trial Counsel.**

The Parties' respective trial counsel are identified in their signature blocks, below.

**14. Trial Date Conflicts.**

The Parties do not presently have any trial conflicts during late 2027-early 2028.

**15. Service.**

All Defendants have been served and appeared.

**16. Scheduling Conference.**

Neither party requests a scheduling conference at this time.

**17. Disclosure Statement.**

Defendant RealNetworks filed its corporate disclosure statement on February 20, 2026.

**18. Review of Applicable Rules and Procedures.**

Counsel undersigned certify that they have reviewed the Rules of Civil Procedure, the Local Rules, the applicable Electronic Filing Procedures, and Judge Kimberly Evanson's Chambers Procedures for Civil Cases.

**19. Proposed Case Schedule.**

The Parties propose the following schedule, subject to the Court's approval:

| Event | Date |
|---|---|
| Jury Trial | January 31, 2028 |
| Length of Trial | 10 days |
| Substantial Completion of Document Production | October 23, 2026 |
| Privilege Logs | December 4, 2026 |
| Factual Discovery Cut Off | December 11, 2026 |
| Last Day to Amend Pleadings or Add Parties without Leave of Court | December 18, 2026 |
| Last Day to file Motion for Class Certification | January 22, 2027 |
| Last Day to file Class Certification Opposition Briefs | February 26, 2027 |
| Last Day to file Class Certification Reply Briefs | March 19, 2027 |
| Opening Expert Reports Due | April 9, 2027 |
| Rebuttal Expert Reports Due | May 14, 2027 |
| Expert Discovery Cut Off | June 18, 2027 |
| Last Day to file *Daubert* Motions | July 16, 2027 |
| Oppositions to *Daubert* Motions due | August 13, 2027 |
| Replies re *Daubert* Motions due | September 3, 2027 |
| Deadline to file Summary Judgment Motions | August 20, 2027 |
| Oppositions to Summary Judgment Motions due | September 17, 2027 |
| Replies re Summary Judgment Motions due | October 8, 2027 |
| Last Day to Conduct Settlement Conference | November 19, 2027 |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 21 days before trial |
| Trial briefs, joint brief on motions in limine, proposed voir dire questions, and deposition designations due | 14 days before trial |
| Pretrial Conference | January __, 2028 |

DATED: February 23, 2026    Respectfully Submitted,

**OF COUNSEL**    **TOWNSEND LEGAL, PLLC**

**MONTEVERDE & ASSOCIATES PC**    *s/ Roger M. Townsend*
Juan E. Monteverde (*pro hac vice*)    Roger M. Townsend, WSBA #25525
The Empire State Building    380 Winslow Way, Suite 200
350 Fifth Avenue, Suite 4740    Bainbridge Island, WA 98110
New York, NY 10118    Tel: (206) 761-2480
Tel: (212) 971-1341    roger@townsendlegal.com

Fax: (212) 202-7880
jmonteverde@monteverdelaw.com

**KAHN SWICK & FOTI LLC**
Michael J. Palestina (*pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Tel: (504) 455-1400
Fax: (504) 455-1498
michael.palestina@ksfcounsel.com

*Counsel for Lead Plaintiff and
Co-Lead Class Counsel*

*Counsel for Lead Plaintiff*

**BRYAN CAVE LEIGHTON PAISNER LLP**

*s/ Shane P. Cramer*
Randall T. Thomsen, WSBA #25310
Shane P. Cramer, WSBA #35099
Allison K. Krashan, WSBA #36977
Caleb T. Mathena, WSBA #57001
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel: (206) 623-1700
Fax: (206) 623-8717
randall.thomsen@bclplaw.com
shane.cramer@bclplaw.com
allison.krashan@bclplaw.com
caleb.mathena@bclplaw.com

*Counsel for Defendants*